OPINION
{¶ 1} Defendant-appellant Brian L. Patrick appeals the August 30, 2002 Judgment Entry of the Ashland County Court of Common Pleas which sentenced him on one count of endangering children and one count of aggravated assault. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 30, 2002, the Ashland County Grand Jury indicted appellant with two counts of endangering children, in violation of R.C.2919.22(B)(1), felonies of the second degree; one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of abduction, in violation of R.C. 2905.02(A)(3), a felony of the third degree. At his February 5, 2002 arraignment, appellant plead not guilty to the charges.
 {¶ 3} On June 14, 2002, appellant withdrew his former pleas of not guilty and plead guilty to one count of endangering children and one count of aggravated assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth degree, as a lesser included offense of the felonious assault count. The trial court dismissed the remaining counts in the indictment.
 {¶ 4} The trial court conducted a sentencing hearing on August 19, 2002. In an August 30, 2002 Judgment Entry, the trial court sentenced appellant to seven years on the endangering children count, and two years on the aggravated assault count. Further, the trial court ordered the sentences be served consecutively.
 {¶ 5} It is from this judgment entry appellant prosecutes his appeal, assigning the following errors for our review:
 {¶ 6} "I. THE TRIAL COURT ERRED IN ORDERING SENTENCES ON ALL COUNTS OF THE INDICTMENT TO BE SERVED CONSECUTIVELY.
 {¶ 7} "II. THE TRIAL COURT ERRED IN ORDERING PRISON TERMS FOR A FOURTH DEGREE NONDRUG FELONY OFFENSE AND NOT SPECIFYING AT SENTENCING, THAT IT FOUND ONE OR MORE OF THE FACTORS JUSTIFYING IMPOSITION OF A PRISON SENTENCE SPECIFIED IN ORC 2929.13(B)(1)(a) THROUGH (i).
 {¶ 8} "III. THE TRIAL COURT'S SENTENCING IN THE INSTANT CASE IS CONTRARY TO LAW AND DOES NOT SERVE THE OVERRIDING PURPOSES OF FELONY SENTENCING."
 I. {¶ 9} In appellant's first assignment of error, he maintains the trial court erred in ordering the sentences be served consecutively. We disagree.
 {¶ 10} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following:
 a)the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense;
 b)the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or
 c)the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender. Id.
 {¶ 11} In its August 30, 2002 Judgment Entry, the trial court specifically found consecutive sentences were necessary to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant posed to the public. Further, at the August 19, 2002 sentencing hearing, the trial court specifically found appellant's criminal history demonstrated consecutive sentences were necessary to adequately protect the public.
 {¶ 12} Appellant contends the trial court's findings are not supported by the facts. While appellant acknowledges he does have a prior criminal record, he notes a substantial period of time passed since his last criminal conviction before these incidents. Further, appellant claims he made significant, positive progress on his mental health issues. Appellant claims he did not intend to injure the child in the matter sub judice. Appellant also argues that in the assault charge, his girlfriend sustained no injury "beyond a black eye." Appellant's brief at p. 7.
 {¶ 13} However, the record indicates appellant became physically abusive with his girlfriend and assaulted her seven month old child by throwing the child across the room toward a recliner. The child bounced off the arm of the recliner and spun into a bookcase. Not only was the child's skull fractured, but the injury subsequently caused blindness in the child's eye. We find the record supported the trial court's decision to impose consecutive sentences. Further, we have reviewed the PSI in camera and find it provides additional information supporting the trial court's decision to impose consecutive sentences.
 {¶ 14} Although not separately assigned, appellant also argues similar cases committed by similar offenders in Ashland County did not result in penalties as harsh as the penalty imposed upon appellant. In support of this proposition, appellant cites a number of Ashland County Common Pleas Court cases in his brief. However, as these cases are not in the record before us, we may not consider the impact of these cases on the trial court in its decision to sentence appellant.
 {¶ 15} Appellant's first assignment of error is overruled.
 II. {¶ 16} In appellant's second assignment of error, he maintains the trial court erred in imposing a prison term for the aggravated assault because the trial court failed to make the findings required by R.C.2929.13(B)(1)(a) through (i). We disagree.
 {¶ 17} Before imposing a prison term for a felony of the fourth degree, R.C. 2929.13(B)(1) requires the trial court to determine if certain statutory factors apply. These factors include:
 {¶ 18} "(a) In committing the offense, the offender caused physical harm to a person. * * *
 {¶ 19} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person. "
 {¶ 20} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
"* * *
 {¶ 21} "(g) The offender previously served a prison term* * * "
 {¶ 22} If the trial court, after considering the factors set forth in section 2929.12 of the Revised Code, makes any of the findings listed above, and if the court finds a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 23} At the sentencing hearing, the trial court noted the severe harm done both to the child victim, and the child's mother. Our review of the sentencing hearing transcript, and the judgment entry indicates the trial court made all of the requisite findings. Therefore, appellant's second assignment of error is overruled.
 III. {¶ 24} In appellant's third assignment of error, he maintains the trial court's sentence is contrary to law because it does not serve the overriding purposes of felony sentences. Appellant argues the trial court should not have weighed the factors set forth in R.C. 2929.11 and 2929.12
"separately" because he did not intend to cause harm, and the harm actually caused (ostensibly to his girlfriend) was not serious. Finally, appellant argues the trial court erred in not weighing the statutory factors indicating his conduct was less serious than conduct normally constituting the offense. We disagree.
 {¶ 25} It is clear from the transcript of the sentencing hearing the trial court conducted a serious and exhaustive examination of the facts in light of the sentencing criteria. Judgment Entry at 2-3. Because the trial court properly considered the statutory factors, appellant's third assignment of error is overruled.
 {¶ 26} The August 30, 2002 Judgment Entry of the Ashland County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 30, 2002 Judgment Entry of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.